UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID LOO, et al.,

        Plaintiffs,

v.

STEVEN HAMERSLAG and
ANDERSEN TAX LLC,

        Defendants.

C22-493 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) On April 13, 2022, defendant Andersen Tax LLC ("Andersen") removed this action from King County Superior Court. Notice of Removal (docket no. 1). In the notice, Andersen, through its attorney Jack Lovejoy, asserted that this Court had jurisdiction over the matter on the basis of diversity of citizenship under 28 U.S.C. § 1332. *See id.* at 3. On April 21, 2022, Andersen, through attorney Lovejoy, filed a LCR 7.1 disclosure statement, docket no. 9, identifying that it is a Delaware limited liability company that is owned by Andersen Tax Holding LLC, which is owned ninety percent (90%) by MD Investment LLC and ten percent (10%) by MD Management LLC, all of which are Delaware limited liability companies. The disclosure statement, however, failed to identify the owners and/or members of MD Investment LLC and MD Management LLC. On August 9, 2022, the Court directed Andersen to file a supplemental disclosure statement identifying the owners and/or members of those two entities. Minute Order (docket no. 24). On August 12, 2022, Andersen, through attorney Lovejoy, disclosed that fourteen (14) members of MD Investment LLC and fourteen (14) members of MD Management LLC resided in Texas at the time the complaint was filed. Supplemental Disclosure Statement (docket no. 26). As provided in the complaint,

MINUTE ORDER - 1

plaintiffs David Loo and Sarah Loo reside in Texas.  Compl. at ¶¶ 23–24 (docket no. 1-3).  The Court, therefore, is not satisfied that diversity jurisdiction exists in this case.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that limited liability companies are citizens of every state in which their members are domiciled).

(2) Andersen and defendant Steven Hamerslag are DIRECTED to show cause, on or before August 19, 2022, why this case should not be remanded for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  Andersen's response shall also address why the Court should not require payment by attorney Jack Lovejoy of $7,500 in attorney fees and costs incurred as a result of this removal.  *See id.*  No reply shall be filed unless ordered by the Court.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of August, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2